# FILED

JUN 2 8 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Willie R. Griffin,                          )
                                            )
            Plaintiff,                      )       Case: 1:16-cv-01364
                                            )       Assigned To : Unassigned
      v.                                    )       Assign. Date : 6/28/2016
                                            )       Description: Pro Se Gen. Civil
Postal Server *et al.*,                     )
                                            )
            Defendants.                     )

## MEMORANDUM OPINION

Plaintiff, proceeding *pro se*, has submitted a complaint and an application to proceed *in forma pauperis*. The application will be granted, and the complaint will be dismissed. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (requiring dismissal of a case upon a determination that the complaint fails to state a claim upon which relief may be granted).

*Pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).

Plaintiff purports to sue "the State, and the City of Atlondia [sic] Georgia Postal service and the City of Kalamazoo," Michigan. Compl. at 1. He seeks $60 trillion in damages. The complaint is nearly impossible to follow, especially with regard to the named defendants against whom no cognizable claim has been stated.

A liberal interpretation of the complaint is that after plaintiff gave his mail carrier in Atlanta, Georgia, a card changing his business address to general delivery, he no longer received mail. Plaintiff seems to take issue with an alleged "Postal Service . . . rule that mail can[not] be change[d] from a business to General Delivery," Compl. at 2, but he has not named the United States Postal Service as a defendant. Amending the complaint to add the Postal Service would be a futile exercise because the United States has not consented to be sued for a "claim [for money damages] arising out of the loss, miscarriage or negligent transmission of letters or postal matter." 28 U.S.C. § 2680. Accordingly, this case will be dismissed. A separate order accompanies this Memorandum Opinion.

Date: June 21, 2016

United States District Judge